# Order

**Michigan Supreme Court**
**Lansing, Michigan**

October 16, 2013

147804 & (5)(9)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

MICHIGAN FINANCE AUTHORITY,
      Plaintiff/
      Counter-Defendant-Appellant,

v

SC: 147804
COA: 318451
Ingham CC: 13-000528-CZ

HANS KIEBLER and DONOVAN VISSER,
      Defendants/
      Counter-Plaintiffs-Appellees.

_____/

On order of the Court, the motions for immediate consideration and for leave to reply to the defendants' answer to the motion are GRANTED. The application for leave to appeal prior to decision by the Court of Appeals is considered, and it is DENIED, because the Court is not persuaded that the questions presented should be reviewed by this Court before consideration by the Court of Appeals.

MARKMAN, J. (*dissenting*).

I would grant the request for a bypass of the Court of Appeals pursuant to MCR 7.302(B)(4) and (C)(1)(b) and thereby expedite final resolution of this dispute. I would do so because, in my judgment, the issues are of considerable public interest and a delay in their resolution conceivably may impact that interest. In particular, I would facilitate the resolution of this case because the issues in dispute: (a) appear to be of fiscal consequence to the people of this state, involving the refinancing of $650 million in student-loan-related obligations and an estimated potential loss of $54 million to the Michigan Finance Authority, (b) appear to implicate the asserted 'entitlement' to public funds of a significant number of citizens of this state, (c) appear to implicate the integrity of the state itself in assertedly entering into a commitment of public funds to those citizens, and (d) appear to be related to the issues in dispute in an ongoing federal case in which their resolution may possibly affect the resolution of the issues in the instant case and vice versa. As the role of the state judiciary in this country erodes over time, and the role of the federal judiciary grows, it becomes increasingly imperative, I believe, that this

Court act when it can to preserve and protect judicial federalism and maintain its primary constitutional role in construing the laws of Michigan.  In short, the instant lawsuit seems to me to be of a character that ought to be decided, and decided promptly, by the highest court of this state.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

October 16, 2013



Clerk

t1015